IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JAIME ESPINOSA MONSALVO,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC,<br><br>Defendants. | Case No.: 7:25-cv-00516-DC-RCG |

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff Jaime Espinosa Monsalvo and Defendant Experian Information Solutions, Inc. ("Experian") (herein referred as "the Parties"), pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), move for the entry of a Protective Order in the form attached as Exhibit 1.

**MEMORANDUM OF LAW**

The Fifth Circuit has explained: Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); *see also* 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2035, at 483–86 (2d ed. 1994); *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam). The Fifth Circuit noted that "[t]he grounds for a protective order can include privileged or work-product material, but can also include the improper sharing of confidential information between litigants in separate cases." *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009)

1

(unpublished) (citing *Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989)). The litigant seeking a protective order must articulate the injury with specificity. *Blanchard & Co. v. Barrick Gold Corp.*, 2004 U.S. Dist. LEXIS 5719, *13 (E.D. La. Apr. 2, 2004). "'Broad allegations of harm, unsubstantiated by specific examples,' do not support a showing of good cause." *Id*. The burden of justifying a protective order remains on the litigant seeking the order. *Id*. In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. *Id*. The court has wide discretion in determining the scope of a protective order. *Id*.

Here, the information that will likely be sought in discovery as this case progresses includes information about Defendant's processes for receiving, maintaining, and reporting confidential credit information.  Rather than burdening the Court and delaying discovery in this case by objecting to disclosure of such information and requiring a document-by-document review to determine confidentiality, the Parties seek an umbrella protective order which permits them to designate certain information as confidential.  In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

For the foregoing reasons, the Parties respectfully request the entry of the attached Protective Order.

RESPECTFULLY SUBMITTED this on June 22, 2026.

| | |
|---|---|
| */s/ Yaear Weintroub* | */s/ Jordan J. Kleist* |
| Yaear Weintroub (NY Bar No. 6153431) | Jordan J. Kleist |
| CONSUMER ATTORNEYS | JONES DAY |
| 68-29 Main Street | *Admitted pro hac vice |
| Flushing NY 11367 | jkleist@jonesday.com |
| T: (718) 576-1863 | 90 South Seventh Street, Suite 4950 |
| F: (718) 247-8020 | Minneapolis, Minnesota 55402 |

2

3

E: yweintroub@consumerattorneys.com          Telephone: (612) 217-8829

*Attorneys for Plaintiff,*                              *Attorneys for Defendant*
*Jaime Espinosa Monsalvo*                         *Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER ATTORNEYS**

By: */s/ Yaear Weintroub*