**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **JAIME ESPINOSA MONSALVO,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:25-CV-00516-DC-RCG** |
| | § | |
| **EXPERIAN INFORMATION** | § | |
| **SOLUTIONS, INC.; EQUIFAX** | § | |
| **INFORMATION SOLUTIONS, LLC;** | § | |
| **and TRANS UNION LLC,** | § | |
| *Defendants*, | § | |

## ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEYS AND SUBSTITUTE COUNSEL

Before the Court is the Motion to Withdraw as Attorney of Record for Defendant Experian Information Solutions, Inc. and Substitute Counsel. (Doc. 33). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Whether counsel may withdraw is a decision "entrusted to the sound discretion of the court. . . ." *Id*. The existence of good cause "depends on the facts and circumstances of each case." *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 663 (5th Cir. 1996). Whether good cause exists for an attorney to withdraw is a question of federal law. *See In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

In assessing whether counsel has good cause to resign, district courts look to multiple factors. *See, e.g.*, *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981) ("[I]t is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of

counsel, and that the withdrawal of counsel is for good cause."). Premier among these factors are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice. *Id*. In addition, the local rules of this Court mandate certain procedures for attorney withdrawal:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

*See* Local Rule AT-3.

The Motion before the Court complies with Local Rule AT-3. The Motion provides Steven J. Owens, of the law firm Kasowitz LLP has agreed to be substituted as counsel of record for Defendant Experian Information Solutions, Inc. (Doc. 33 at 1). Based upon the instant Motion, the Court finds there is good cause to permit Analeigh Barnes and Jordan J. Kleist to withdraw as Defendant Experian Information Solutions, Inc.'s counsel and to substitute Steven J. Owens as lead counsel. Accordingly, the Motion to Withdraw as Attorneys of Record and Substitute Counsel for Defendant Experian Information Solutions, Inc. is **GRANTED**. (Doc.33).

It is so **ORDERED**.

SIGNED this 29th day of June, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

2